### WARWICK HOTEL, Inc., v. UNITED STATES.

#### Civil Action No. 1435.

District Court, S. D. Texas, Houston Division.

Oct. 23, 1945.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (*Robert K. Jewett* and *Thos. E. Mosheim*, both of Houston, Tex., of counsel), for plaintiff.

Brian S. Odem, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

*Warwick Hotel, Inc.,* a Texas corporation (Plaintiff), owns the Warwick Hotel Properties in Houston, in this Division and District. Originally such properties were owned by *Warwick, Inc.,* also a Texas corporation, organized prior to August 1925. *Warwick, Inc.,* placed on the properties a first mortgage, dated August 31, 1925, and in August 1928 (amended in 1930) a second mortgage. In 1931, *Warwick, Inc.,* was in

default under *both* mortgages, and there followed certain proceedings (hereinafter set forth), whereby the title to the properties passed into Plaintiff. Plaintiff claims that by such proceedings, a *"reorganization"* was effected, and that Plaintiff, in making its Income Tax Return for 1938, was entitled to claim depreciation from *October 1926*, the date the properties were placed in operation. The Commissioner ruled and the Government contends that such proceedings were *not* a *"reorganization,"* and that Plaintiff was entitled to depreciation only from the time title passed into Plaintiff on *June 20, 1933*. Plaintiff claims that this ruling by the Commissioner and claim by the Government resulted in an overpayment of taxes by it for 1938, amounting to $5503.64, plus interest, for which it filed claim, which was rejected, and for which it now prosecutes this suit.

The facts are as follows:

(a) A lengthy Stipulation has been filed, in which substantially all the major facts necessary to decision have been set forth. It is referred to and adopted.

(b) Other facts were brought out at the hearing and in depositions which will be mentioned in the discussion.

1. It seems clear that the proceedings taken under the first mortgage, standing alone, constitute a "reorganization" under the Statute. Helvering v. Limestone, 315 U.S. 179, 62 S.Ct. 540, 86 L.Ed. 775; Palm Springs Holding Corporation v. Commissioner, 315 U.S. 185, 62 S.Ct. 544, 86 L. Ed. 785. But the Government says that the proceedings taken under the second mortgage brings the case under the rule laid down in Marlborough House v. Commissioner, 315 U.S. 189, 62 S.Ct. 537, 86 L.Ed. 784, and that that case is controlling.

It will be observed from the Stipulation and evidence that after the control of the properties and/or the revenue therefrom passed to the bondholders under the first mortgage (Summer 1931), and after the trustee under the first mortgage had given notice (October 24, 1931) of default thereunder, and while such bondholders were struggling during a season of depression with the question of preserving such properties, the trustee under the second mortgage gave notice of default (November 17, 1931), and contrary to what bondholders under the first mortgage believed would be done, began foreclosure proceedings which culminated in a public sale under the second mortgage of the properties on February 2, 1932. The trustee under the first mortgage did not learn of such foreclosure proceedings until January 27, 1932, about a week before such sale.

C. D. Rubin, the purchaser of the properties at such sale, on the day after such sale, transferred same (subject to the first mortgage) to the Wickwar Holding Company, a corporation of which Rubin was President, which corporation on that day leased such properties to the Wickwar Hotel Company. On March 19, 1932, pursuant to an agreement, dated March 1, 1932, a committee of bondholders under the first mortgage acquired for a cash consideration of $15,000 the title of the persons holding under such sale.

The facts here are, therefore, radically different from those in the Marlborough case, and I do not think that case is controlling.

Judgment for Plaintiff.