## UNITED STATES v. WARWICK HOTEL, Inc.

### No. 11619.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1946.

Helen Goodner, Sp. Asst. to Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., both of Washington, D. C., and Brian S. Odem, U. S. Atty., and James K. Smith, Asst. U. S. Atty., both of Houston, Texas, for appellant.

Robert K. Jewett, of Houston, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment awarding a refund to the taxpayer of part of the income tax paid by it for the year 1938. It involves a deduction for depreciation; and the question presented is whether there was a reorganization as defined in Section 112(i) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 513, with the result that the taxpayer was entitled under Section 113(a) (12) of the Revenue Act of 1938, 26 U.S.C.A. Int. Rev.Acts, page 1051, and Section 113(a) (7) of the Revenue Act of 1932, 26 U.S. C.A. Int.Rev.Acts, page 516, to use as its adjusted basis for the depreciation of the properties the unrecovered original cost-basis of the properties in the hands of the old corporation.

The properties are owned by Warwick Hotel, Inc., a Texas corporation. Originally they were owned by Warwick, Inc., also a Texas corporation, which placed on the properties a first mortgage, dated August 31, 1925, and a second mortgage executed in August, 1928. In 1931, Warwick, Inc., was in default under both mortgages. Foreclosure proceedings followed under both mortgages, and appellee claims that a reorganization was effected under the proceedings taken under the first mortgage.

The facts were stipulated at length, and found by the court below as stipulated. It is unnecessary for us to restate them. We agree with the court below that the proceedings taken under the first mortgage constituted a reorganization under the statute,[1] and that Bondholders Committee, Marlborough Investment Co. v. Commissioner, 315 U.S. 189, 62 S.Ct. 537, 86 L.Ed. 784, is not applicable.

The judgment appealed from is affirmed.

---

[1] Commissioner v. Alabama Asphaltic Limestone Co., 315 U.S. 179, 62 S.Ct. 540, 86 L.Ed. 775; Palm Springs Holding Corporation v. Commissioner, 315 U.S. 185, 62 S.Ct. 544, 86 L.Ed. 785.